UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| TANYA GAMBLE, | Docket No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| FIELDSTON LODGE NURSING AND REHABILITATION CENTER, and XYZ CORP. 1-10, | **Trial by Jury Demanded** |
| Defendants. | |

----------------------------------------------------------X

Plaintiff Tanya Gamble ("Plaintiff" and/or "Gamble"), by her attorneys, the Law Offices of Rudy A. Dermesropian, LLC, complaining of defendants, Fieldston Lodge Nursing and Rehabilitation Center ("Fieldston" or the "Company"), and XYZ Corp. 1-10 (collectively referred to as "Defendants"), alleges as follows:

1. This action is brought to remedy (i) Defendants' unlawful discrimination and harassment based on Plaintiff's sexual orientation, (ii) retaliation for repeatedly complaining about the discriminatory actions and disparate treatment she was subjected to, and (3) hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

## PARTIES

2. Plaintiff, Gamble, is a former employee of Fieldston and a resident of Bronx County, New York.

3. At all relevant times herein, Plaintiff was employed by Fieldston.

4. Plaintiff is a "person" within the meaning of Title VII 42 U.S.C. §§2000e.

5. Upon information and belief, Fieldston is a domestic company, with a principal office

at 666 Kappock Street, Bronx, NY 10463.

6. At all relevant times herein, Defendant Fieldston was an "employer" within the meaning of Title VII 42 U.S.C. §§2000e because it had more than 15 employees.

7. Defendants XYZ Corp. 1–10 are additional entities, the exact true names of which are not yet known to Plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more of the other Defendants, or any combination of any or all of them.

8. Each XYZ Corp. Defendant is an "employer" within the meaning of Title VII 42 U.S.C. §§2000e because it had more than 15 employees.

9. In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

10. Upon information and belief, all of the conduct complained of occurred primarily within the boundaries of Bronx County.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and 42 U.S.C. §§2000e *et seq*.

12. The unlawful employment practices were committed primarily in Bronx County, Southern District of New York.

13. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

15. All conditions precedent to filing suit have been satisfied. On August 29, 2019, Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights ("NYSDHR"). Pursuant to the work-sharing agreement between the NYSDHR and the U.S. Equal Employment Opportunity Commission ("EEOC"), a copy of Plaintiff's complaint was also filed with the EEOC. On September 8, 2020, the EEOC issued Plaintiff a Right to Sue Notice, which was received by Plaintiff on or about September 11, 2020. This action was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto as Exhibit A, and hereby incorporated in this Complaint, is a copy of Plaintiff's Notice of Right to Sue.

## FACTS

16. In or around February 2013, Plaintiff started working at Fieldston through Towne Nursing, a staffing agency.

17. Shortly after February 2013, since Plaintiff was looking for better pay and because she had satisfactory work performance, then Director of Nursing Kelly Rivers ("Ms. Rivers") suggested to Plaintiff to resign her position and reapply for direct employment with Fieldston.

18. Plaintiff did exactly that and in or around May 2013 she was interviewed and directly hired by Fieldston for the position of Certified Nursing Assistant ("CNA").

19. Plaintiff then completed her orientation and remained an employee of Defendant Fieldston until her unlawful termination on August 13, 2019.

20. As an employee of Fieldston, Plaintiff almost always arrived to work before the start of her shift and performed her duties and responsibilities satisfactorily.

21. With the ambition to become a Nurse, in 2014, Plaintiff started going to Nursing School. However, Plaintiff only attended her classes during non-work hours and on her days off from work.

22. In 2014, in addition to her CNA duties and responsibilities, Plaintiff was also assigned the additional responsibilities of a Wound Round Aide ("WRA") and was Rehab Aide, as needed.

23. In 2015, Plaintiff was again promoted from WRA to Appointment Coordinator and received her first raise.

24. Plaintiff received a second raise in or around October 2017.

25. In 2018, as a result of her continued stellar performance, Plaintiff, who was an Appointment Coordinator at that time, was temporarily assigned the responsibilities of Staffing Coordinator while Marie Torres ("Ms. Torres") was on maternity leave.

26. However, when Ms. Torres ultimately resigned, the Appointment Coordinator title was given to a new hire as opposed to Plaintiff.

27. On or around May 11, 2019, after that new hire was terminated, Plaintiff was offered the position of Staffing Coordinator.

28. The foregoing promotions and raises clearly show that Plaintiff's work performance was really good and that she was a valued employee of Defendant Fieldston.

29. However, on May 18, 2019, Plaintiff was engaged to her same sex partner.

30. On May 21, 2019, a video of Plaintiff's engagement was posted on Facebook.

31. Prior to the posting of the engagement video, Plaintiff never disclosed, and Defendants were not aware, of her sexual orientation.

32. The video disclosed to Defendants for the first time that Plaintiff is lesbian.

33. Immediately after the video was posted on Facebook, it went viral at Plaintiff's workplace and it attracted adverse and negative attention.

34. For example, Ms. Roundtree informed Plaintiff that Ms. Russell, a CNA on the 4th floor, "saw the video" and "forwarded it to other people in the building" including the

4

Administrator, Eli Knolls ("Mr. Knolls") and Raymond Williams ("Mr. Williams"), the Charge Nurse on the 4th floor.

35. Ms. Roundtree also confirmed that she saw the video on Ms. Russell's phone.

36. David Perez ("Mr. Perez"), who also saw the video stated to Plaintiff, "I didn't know you were like that" and snapped his fingers.

37. On May 22, 2019, as a result of that unwelcomed and negative attention, Plaintiff complaint to Jennifer Tirado ("Ms. Tirado") from Human Resources, to which Ms. Tirado responded, "Bitch don't worry about these people talking about you."

38. No remedial action was taken by Ms. Tirado or anyone else from Human Resources.

39. On May 22, 2019, in addition to her complaint to Human Resources, Plaintiff also complained of the harassment to the Assistant Director of Nursing, Ms. May, who also responded by stating, "Don't worry about it."

40. On the same day, Plaintiff also made the same complaint to the MDS Coordinator, Ms. Marylou, who responded, "Don't worry about it. You'll get through it."

41. No one from Defendant Fieldston took any action to remedy the situation.

42. Since the video went viral at work and following her complaints of harassment and discrimination, Plaintiff has become the exposed to discriminatory comments and jokes, and awkward silence and looks by employees at Fieldston.

43. For example, when talking about Saldy Singo, different staff members who comment stating, "Saldy is one of those people" and would make a feminine gesture with their hand so as to imply that he is gay.

44. Upon information and belief, Mr. Singo is not gay.

45. Even Ms. Tirado from Human Resources would imitate Mr. Singo's gestures and the

5

way he walks in a mocking manner.

46. Mr. Knolls was heard numerous times using the word "faggot" in a derogatory manner when referring to gay men.

47. In addition, after the engagement video was distributed at the workplace and Fieldston and its employees became aware of Plaintiff's sexual orientation, she was approached by Fieldston employees and uncomfortably asked, with the usual smirk on their faces, whether she is attending the New York City LGTBQ Pride Parade.

48. Plaintiff was never sked prior to May 21, 2019 whether she was attending the parade.

49. Fieldston employees, such as Ms. Roundtree, would make comments to Plaintiff such as, "You don't look gay."

50. Furthermore, after making her complaints on May 22, 2019, Plaintiff became the target of retaliatory actions by Defendants.

51. For example, the Administrator Mr. Knolls stopped talking to Plaintiff almost completely making her time at Fieldston more hostile.

52. On or about May 11, 2019, prior to the posting of the engagement video, Defendants had offered Plaintiff the position of Staffing Coordinator as briefly discussed above. However, after Plaintiff's sexual orientation became known and after Plaintiff made her complaints on May 22, 2019, Defendants retracted the offer and did not give Plaintiff the title of Staffing Coordinator.

53. No reason or excuse was provide by Defendants for retracting that job offer.

54. The daily comments, awkward silence and looks, as well as jokes continued until Plaintiff's termination.

55. On August 13, 2019, at or around 3:24 p.m., Mr. Knolls summoned Plaintiff into his office and stated, "We don't need you anymore. We will find someone else to do your job. If we

need you, we will call you."

56. Approximately one week after Plaintiff's termination, Defendant Fieldston hired a replacement with the exact title that Plaintiff had.

57. Due to the stress and anxiety caused by Defendants' discriminatory, harassing and retaliatory actions, Plaintiff suffered and continues to suffer from severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### Discrimination based on Sexual Orientation in Violation of Title VII, 42 U.S.C. §§2000e *et seq*. against Defendant Fieldston Lodge Nursing and Rehabilitation Center

58. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

59. Defendants violated Title VII, 42 U.S.C. §2000e, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's sexual orientation was the motivating, if not the only factor.

60. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

61. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SECOND CAUSE OF ACTION
### Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq*. against Defendant Fieldston Lodge Nursing and Rehabilitation Center

62. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

63. Defendants violated Title VII, 42 U.S.C. §2000e, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

64. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

65. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A THIRD CAUSE OF ACTION
**Promoting a Hostile Work Environment in Violation of Title VII, 42 U.S.C. §§2000e *et seq*. against Defendant Fieldston Lodge Nursing and Rehabilitation Center**

66. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

67. In violation of Title VII, 42 U.S.C. §§2000e *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

68. As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Title VII, 42 U.S.C. §§2000e *et seq*.

69. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Tanya Gamble, respectfully demands the following relief:

A. award Plaintiff equitable relief of back pay, front pay, salary and fringe benefits;

B. award Plaintiff full compensation damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.*;

C. award full liquidated and punitive damages, as allowed, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII");

D. award pre-judgment and post-judgment interests;

E. issue a declaratory judgment declaring that Defendants' actions are unlawful;

F. award Plaintiff an amount to be determined at trial of lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

G. award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

H. award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

I. such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 9, 2020

                                            Respectfully Submitted,

                                            LAW OFFICE OF RUDY A. DERMESROPIAN, LLC

                                            By: ___*/s/ Rudy A. Dermesropian*_____
                                                      Rudy A. Dermesropian (RD 1882)
                                                      810 Seventh Avenue, Suite 405
                                                      New York, NY 10019
                                                      Telephone: (646) 586-9030
                                                      Fax: (646) 586-9005

                                                      *Attorneys for Plaintiff*

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Tanya Gamble**
855 East 178th Street
Apt 2D
Bronx, NY 10460

From: **New York District Office**
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-05154 | Holly M. Shabazz, State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Judy A. Keenan_ (signature)

September 8 2020
(Date Mailed)

Judy A. Keenan,
District Director

Enclosures(s)

cc:
FIELDSTON LODGE NURSING
AND REHABILITATION CENTER
Attn: Director of Human Resources
666 Kappock Street
Bronx, NY 10460